## Boteler v. Eminence Distillery Co.

(Decided May 23, 1912.)

### Appeal from Shelby Circuit Court.

Damages—Action For—Instruction—Prejudicial Error.—In an action for damages, an error in an instruction authorizing a recovery, but not affecting the amount of damages, is not prejudicial where there is a finding in favor of plaintiff under a proper instruction on the measure of damages.

P. J. BEARD, RALPH GILBERT for appellant.

WILLIS, TODD & BOND, C. H. SHIELD and MOODY & BARBOUR for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Eminence Distillery Co., has for a number of years owned and operated a large distillery situated at the source of Fox Run Creek, in Henry County, Kentucky. Appellee mashes great quantities of grain, and slops and feeds large numbers of cattle. Appellant, Susan A. Boteler, owns a farm of about 140 acres in Shelby County, Kentucky, situated on the waters of Fox Run Creek, about two miles below the distillery. This stream runs through her farm, dividing it practically in half, and is the only stock water she has. Her residence is situated about four hundred yards from the stream.

Charging that appellee polluted the creek by permitting large quantities of slop, offal and other offensive and filthy substances and fluids to be discharged into the creek, and thereby rendered the water unfit for stock purposes, and caused such substances to accumulate in

the creek, and to emit noxious odors, and rendered her home unfit for occupation, appellant brought this action to recover damages in the sum of $1,950, sustained by her during the five years next preceding the filing of the suit. Appellee interposed a general denial, and a trial before a jury resulted in a verdict in favor of appellant, for $125.

Appellant introduced considerable evidence tending to sustain the allegations of the petition. Appellee introduced evidence to the effect that it had constructed a concrete dam to hold the offal and slop, and that on one occasion the dam broke, while on another occasion the discharge of the offal into the stream was caused by extraordinary rain. It also introduced proof to the effect that there were located on the stream two slaughter houses, and that these discharged considerable filth into the stream, and that the stream received large quantities of offensive matter from other sources.

It is contended that the court erred in its instructions to the jury, and that the smallness of the verdict is due to this error. By the instruction given by the court, the jury were required to believe that appellees negligently and carelessly caused or permitted slops, offal or other filthy substances to be discharged and to flow from the stock pens into the creek, etc., before they could find a verdict for plaintiff. The instruction given is the same as the instruction offered by appellant, with the addition of the words "negligently or carelessly." The instruction on the measure of damages, offered by appellant, was given. It is earnestly insisted that appellee was liable if it polluted the stream and damaged appellant, without regard to whether or not such pollution was due to negligence or carelessness. In other words, appellant's position is that one cannot pollute a stream to the injury of another, even though it be carefully done. Conceding this to be the correct principle, the question still remains, was the use of the words "negligently and carelessly," in the instruction given, prejudicial under the particular facts of this case. Had there been no finding in favor of appellant, it could well be said that the error was prejudicial. Notwithstanding, however, the use of the words "negligently or carelessly," the jury, as a matter of fact, did find in appellant's favor. Having found in appellant's favor, notwithstanding the error complained of, the only question for the jury then to determine was the amount of damages. As stated

·before, the instruction offered by appellant on the measure of damages was given by the court. It is not contended that this instruction is erroneous; and even if it were, appellant, having offered the instruction, could not complain of it. Where there is a finding for plaintiff on an erroneous instruction not affecting the amount of damages, and the measure of damages is properly given in another instruction, such error could not have affected the size of the verdict, and was not, therefore, prejudicial. The evidence on the question of damages being not only conflicting, but there being evidence tend-·ing to show that the stream was polluted by others than appellee, it was for the jury to say, under all the circumstances, how much appellant was damaged by appellee's pollution of the stream. Having based their conclusion on a proper instruction as to the measure of damages, we perceive no reason why their finding should be disturbed.

Judgment affirmed.